IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAJINDER GANDHI, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | No. 23-277 |
| Acting Commissioner of Social Security, | : | |
| Defendant, | : | |
| | : | |

### MEMORANDUM OPINION

**PAMELA A. CARLOS**                                                                 January 2, 2024
**U.S. MAGISTRATE JUDGE**

Plaintiff Rajinder Gandhi seeks to challenge the Social Security Administration's decision to pause his supplemental security income ("SSI") benefits. In particular, he contends that the Administration erroneously concluded that he was out of the country for an extended period of time. However, because Mr. Gandhi has not first exhausted the available administrative remedies, this Court is not authorized to consider his appeal. For this reason, the Commissioner of Social Security's motion to dismiss is **GRANTED.**

**I.    BACKGROUND**

On January 18, 2023, Mr. Gandhi initiated the present action, complaining that his SSI benefits were stopped in August 2022 "on wrong grounds and miscalculations." *See* Doc. No. 1, at 1.[1] He claimed that he completed appeals forms on August 2, August 6, and December 30. *See id.* He also attempted to visit the Social Security Administration's office on three different occasions to no avail. *See id.* After he appeared before a state court judge who informed him that

---

[1] Since Mr. Gandhi is proceeding *pro se*, I have liberally interpreted his filings throughout this memorandum opinion. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

she was unable to hear his case, Mr. Gandhi appealed to federal court, attaching "all documents from SSA." *See id.*

Among the documents Mr. Gandhi submitted was a letter to the Social Security Administration that was dated December 30, 2022. *See id.* at 2. There, he complained that the Administration wrongly stopped his benefits on the grounds that he was in India. *See id.* He explained that he received letters on August 24 and September 5, indicating that he was not present in the United States for thirty consecutive days. *See id.* Mr. Gandhi disputes this calculation, insisting he was only out of the country for twenty-one days over a period of five months. *See id.* He also referenced a July 21 letter that informed him that if "the form" was returned before August 3, then he would continue to receive benefits during the period he was waiting for a hearing decision. *See id.* He avers that he sent the form on July 28, yet his benefits have not been restarted.[2] *See id.*

Two other documents attached to Mr. Gandhi's complaint were the first pages of the notices sent to him from the Social Security Administration on August 24 and September 7, 2022. Both notices informed Mr. Gandhi that he would not receive SSI payments for the following months because he had been outside of the country for thirty or more days in a row. *See id.* at 3, 4. The second notice also informed Mr. Gandhi that he had the right to appeal the decision.[3] *See id.* at 4.

Instead of responding to the substance of these allegations, the Commissioner has moved to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil

---

[2] Mr. Gandhi also notes that he received letters in June and July 2022 that indicated he had $2,085.00 in an account. *See id.* However, by the time he received those letters, his account only had $621.92. *See id.*

[3] Mr. Gandhi only included the first page of each notice. *See id.* at 3, 4. Presumably, both notices apprised Mr. Gandhi of his appellate rights.

Procedure 12(b)(1). *See* Doc. No. 15. According to the Commissioner, the governing statute only permits judicial review after the claimant has obtained a "final decision" from the Social Security Administration. *Id.* at 1. Such a decision is reached after the claimant has exhausted the available administrative remedies: that is, received an initial determination, sought reconsideration, had a hearing before an Administrative Law Judge ("ALJ"), and requested review from the Appeals Council. *Id.* The Commissioner submits that Mr. Gandhi has not yet completed this process, *see* Doc. No. 15-1, and therefore this Court lacks subject matter jurisdiction over the present appeal, *see* Doc. No. 15 at 2.

In response, Mr. Gandhi asks that his complaint not be dismissed. *See* Doc. Nos. 17, 20. He explains that he was not out of the country for thirty days, as alleged in the letters he received from the Social Security Administration on August 24 and September 5, 2022. *See* Doc. No. 17. Rather, he believes he was only gone for twelve days, and then a separate time for nine days. *See id.* He recounts his attempts to correct this alleged error, including multiple visits and phone calls to his local social security office, but that he was told that "no more review [was] possible." *See id.* He again mentions that he completed an appeal form on August 2, August 6, and December 30 "for an appeal before [a] federal judge for stopping [his] supplemental income." *See id.*

Now that the parties have briefed the issues, this matter is ready for resolution.[4]

**II.     LEGAL STANDARDS**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). We only have the authority to act as permitted by the Constitution and statute. *See id.* For social security claims, federal jurisdiction is derived from 42 U.S.C. § 405(g). *Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998). Pursuant to that statute,

---

[4] The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings, including the entry of a final judgment pursuant to 28 U.S.C. § 636(c). *See* Doc. Nos. 3, 22, 23.

judicial review of any social security decision is only available after a "final decision" following a hearing. *See* 42 U.S.C. § 405(g).[5] As recognized by the Supreme Court, final decisions in the context of Section 405(g) consist of two elements: (1) the jurisdictional requirement that a claim be presented to the agency, and (2) the non-jurisdictional requirement that the claimant exhaust the available administrative remedies. *Smith v. Berryhill*, 139 S. Ct. 1765, 1774 (2019).[6] To exhaust the administrative remedies required by Section 405(g), a claimant generally must receive an initial determination, a reconsideration of that determination, a decision from an ALJ following a hearing, and review before the Appeals Council.[7] *See id.* at 1772. The Commissioner

---

[5] *See also* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

[6] Although the Supreme Court describes the exhaustion requirement as non-jurisdictional in *Smith*, *see* 139 S. Ct. at 1774 (describing this requirement as "nonjurisdictional"), courts frequently dismiss cases for lack of subject matter jurisdiction when the plaintiff has not exhausted their administrative remedies, *see, e.g.*, *Martinez v. Commissioner of Social Security*, No. 22-2411, 2023 WL 3597380, at *2 (3d Cir. May 23, 2023) (not precedential) (citing to *Fitzgerald*, 148 F.3d at 234).

The confusion may stem from *Mathews v. Eldridge*, 424 U.S. 319 (1976). There, the Supreme Court restated a previous ruling that described the final decision requirement as "central to the requisite grant of subject-matter jurisdiction," and then went on to explain that implicit in this finding was "the principle that this condition consists of two elements, only one of which is purely 'jurisdictional' in the sense that it cannot be 'waived' by the Secretary in a particular case." *Mathews*, 424 U.S. at 328–29; *see also Fitzgerald*, 148 F.3d at 234–35 (concluding that the district court properly dismissed for lack of jurisdiction where the plaintiff did not present any claim for interim benefits at the agency level and also because she did not exhaust her administrative remedies). Indeed, the Fourth Circuit recently addressed this issue, ultimately finding that the exhaustion requirement was not jurisdictional but rather an affirmative defense that should be analyzed under Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1). *L.N.P. v. Kijakazi*, 64 F.4th 577, 585 (4th Cir. 2023); *see also Nellom v. Kijakazi*, No. 23-12668, 2023 WL 7544996, at *3 (E.D. Pa. Nov. 13, 2023) (Lloret, M.J.) (agreeing that the exhaustion requirement under Section 405(g) is non-jurisdictional and should be addressed under Rule 12(6)(b) (citing to *Cope v. Social Security Administration*, 532 F. App'x 58, 60 n.2 (3d Cir. 2013) (not precedential))).

This debate, though, is largely academic for our purposes. Regardless of whether Section 405(g)'s exhaustion requirement is deemed jurisdictional, the result here is the same: Mr. Gandhi's complaint must be dismissed without prejudice for failure to exhaust.

[7] Congress delegated the authority of defining the steps required for exhaustion to the Social Security Administration. *See Smith*, 139 S. Ct. at 1774.

4

may choose to waive the exhaustion requirement,[8] or under certain circumstances, the court may excuse it. *See id.* at 1774–75.

### III.   DISCUSSION

Mr. Gandhi has not yet exhausted his administrative remedies. At most, when liberally construing Mr. Gandhi's pleadings, he may have requested reconsideration of the administration's decision to pause his benefits. Importantly, he has not alleged that he received a decision on his reconsideration request, appealed for a hearing before an ALJ, nor sought review with the Appeals Council. Because the Social Security Administration has not waived the exhaustion requirement and there is no apparent reason to excuse it,[9] the Court does not have the authority to consider the substance of Mr. Gandhi's claims. Therefore, I must dismiss the Complaint as premature. This dismissal, however, is without prejudice to Mr. Gandhi refiling after he has exhausted his administrative remedies.

---

[8] While the exhaustion requirement is waivable, the requirement that a claim be presented to the Social Security Administration is *not*. *Smith*, 139 S. Ct. at 1774–75.

[9] The Supreme Court has excused a plaintiff's failure to exhaust where the claim at issue was "entirely collateral to [a] substantive claim of entitlement," the plaintiff would suffer irreparable injury if the exhaustion requirement were enforced, and the "purposes of exhaustion would not be served by requiring [the plaintiff] to exhaust administrative remedies." *Bowen v. City of New York*, 476 U.S. 467, 483–85 (1986). None of these circumstances are present here. First, Mr. Gandhi's claim is not collateral to his substantive claim; in fact, it is essentially a substantive claim for benefits. Second, he has not alleged irreparable injury. To be sure, Mr. Gandhi has repeatedly mentioned that he needs his benefits for his copayments, medicines, food, and lodging, *see* Doc. Nos. 17, 20, 21, but he has not suggested that he will suffer irreparable injury without these payments. Finally, Mr. Gandhi has not demonstrated that the underlying purposes of exhaustion would not be served by requiring him to exhaust the administrative process. As such, excusal of the exhaustion requirement is not warranted.

## IV. CONCLUSION

For the reasons explained above, the Commissioner's motion to dismiss is **GRANTED**. This matter is **DISMISSED without prejudice** for failure to exhaust his administrative remedies. An appropriate order follows.

BY THE COURT:

_s/Pamela A. Carlos_
PAMELA A. CARLOS
U.S. Magistrate Judge